UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL O'DOWD, | ) |
| | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION--LAW |
| | ) |
| AFFINITY FEDERAL | ) |
| CREDIT UNION | ) JURY TRIAL DEMANDED |
| and | ) |
| MONASTRA GRATER | ) |
| & MARBURGER, LLC | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Michael O'Dowd, by and through his undersigned counsel, hereby files this Complaint against Defendants, Affinity Federal Credit Union and Monastra Grater & Marburger, and avers as follows:

## INTRODUCTION

1. This action to enforce the Fair Debt Collection Practices Act of 15 U.S.C. 1692 *et. seq*. (" FDCPA")and related Pennsylvania Consumer Laws is brought by the Plaintiff Michael O'Dowd against Monastra Grater &Marburger, LLC and Affinity Federal Credit Union who violated the statutes by failing to properly notice the correct date and location of the Sheriff Sale of Plaintiff's Real Estate. Both Defendants, Affinity Federal Credit Union (hereinafter "Affinity") and Monastra Grater &Marburger, LLC ( hereinafter "MGM") violated the Pennsylvania Fair Credit Extension UniformityAct which applies to both debt collectors and creditors and is the State law mirroring the FDCPA. Accordingly, Plaintiff sues Defendant Monastra for its violation of the FDCPA and sues both Defendants for violation of the Pennsylvania statute.

### Jurisdiction

2. Jurisdiction is conferred on this Honorable Court under 28 U.S.C. § 1334 in that this proceeding arises under Federal law.

3. Venue is appropriate in this Court for any and all the violations of the FDCPA that occurred in this Federal judicial district and, therefore, venue in this district is proper.

### Parties

4. Plaintiff Michael O'Dowd is a married individual who resides at 444 Broad Street, Pen Argyl, Northampton County, Pennsylvania.

5. Defendant MonastraGrater &Marburger, LLC("MGM") is a law firm registered as a Pennsylvania Limited Liability Company and is a "debt collector" as defined under the FDCPA.

6. Defendant Affinity Federal Credit Union ("Affinity") is a federal credit union in the business of mortgage lending and does business in the Commonwealth of Pennsylvania.

### CLAIMS FOR RELIEF:

### Count I (Violation of the Fair Debt Collection Practices Act)

7. Paragraphs 1 through 6 hereof are repeated and incorporated herein by reference.

8. Defendant MGM filed a mortgage foreclosure action on behalf of Affinity andagainst Plaintiff in the Northampton County Court of Common Pleas, Case No. C-0048-CV-2016-10453, on November 16, 2016.

9. The real property subject to the foreclosure was owned solely by Plaintiff and is located at 444 Broad Street, Pen Argyl, Northampton County, Pennsylvania.

10. On July 15, 2019, a non-jury trial was held in the Northampton County Court of Common Pleas and judgment was entered in favor of Affinity and against Plaintiff in the amount of $193,398.64.

11. On October 10, 2019, a praecipe for judgment was filed in the Northampton County Court of Common Pleas and a writ of execution was filed on October 17, 2019.

12. On November 18, 2019, an affidavit pursuant to Pa. R.C.P. 3129.2 was filed by Plaintiff's counsel, indicating that notice of the Sheriff Sale was served upon the Defendant.

13. The notice of Sheriff's Sale included language required by the FDCPA and was directed to Plaintiff; however, it stated that the sale February 7, 2020 "is postponed, the property will be relisted for Sheriff's Sale." A true and correct copy of the Notice of Sheriff's Sale is attached hereto as Exhibit "A".

14. Despite the fatal defect in the Notice of Sheriff's Sale stating that the sale was postponed, on February 7, 2020, the subject real estate was sold at the Northampton County Sheriff's Sale to one Lisa Perin.

15. Defendant MGM is a "debt collector" as defined under the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. § 1692a(6) because it utilized an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and who regularly collects or attempts to collect such debt, directly or indirectly, owed or asserted to be owed by another, as part of its law practice.

16. Defendant MGMviolated the FDCPA by sending to Plaintiff a notice of Sheriff's Sale that indicated that the February 7, 2021 Sheriff's Sale was postponed and would be relisted thereby "by falsely representing the character, amount and legal status of "the debt" in violation of 15 U.S.C. § 1692e(2)(A).

17. In addition to the false statement that the sale was postponed, the defective notice stated that the sale would be held at the Northampton County Courthouse in Stroudsberg, Pennsylvania. The Northampton County Courthouse is in Easton, PA.

18. In addition to the Notice Mailed by Monastra, Plaintiff received a copy of the same Notice which was mailed or delivered by the Sheriff's Office. The Sheriff's Office did correct the Courthouse location to reflect Easton, PA but did not correct the statement that the sale was postponed and would be relisted. A True and correct copy of the Notice of Sale Served by the Sheriff of Northampton County is attached as Exhibit "B" and incorporated by reference.

19. Both Notices had handwritten corrections made to the tax parcel ID Number.

20. It is the responsibility of the attorney on the writ to Prepare the notice and to see to it that said notice is served in accordance with the Rules of Civil Procedure.

21. Defendant MGM is liable under the FDCPA for its "falsely representing the character, amount, and legal status of the debt" in violation of 15 U.S.C. § 1692e(2)(A) as it falsely stated that the Sheriff's Sale of Plaintiff's real property would be "postponed, the property will be relisted" by the Sheriff.

22. Additionally, the notice of the Sheriff Sale chilled bids at the Northampton County Sheriff's Sale because other lienholders would also believe that the Sheriff's Sale would be postponed on February 7, 2020.

23. Defendant MGM, notwithstanding the notice of Sheriff's Sale nevertheless proceeded forward with the Sheriff's Sale of the Plaintiff's Real Estate.

24. As a proximate result of the false representation of the legal status of the Sheriff's Sale in the notice, Plaintiff suffered the loss of his equity in the realty.

25. Plaintiff also suffered emotional distress and mental anguish as a result of the Defendant MGM's false notice of Sheriff's Sale.

**WHEREFORE**, the Plaintiffs pray that this Court will enter a money judgment against the Defendant MGM pursuant to the FDCPA for the following:

a. Declare that Defendant Monastra Grater & Marburger, LLC violated the FDCPA, of the Act, and award the Plaintiff actual damages, including the loss of any equity in the real estate located at 444 Broad Street, Pen Argyl, Northampton County, Pennsylvania, and $1,000.00 in statutory damages pursuant to 15 U.S.C. §1692k;

b. Award punitive or exemplary damages in an amount to be determined at trial;

c. Award Debtor reasonable attorney fees and litigation expenses, plus costs of suit, pursuant to 15 U.S.C. §1692k(3); and

d. Grant such other or further relief as appropriate.

### Count II (Violation of Pennsylvania Fair Credit Extension Uniformity Act)

26. The allegations in paragraphs 1 through 25 of this complaint are realleged and incorporated herein by this reference.

27. At all times relevant hereto Defendant MGM acted as Defendant Affinity's attorney and agent.

28. Defendant MGM and Defendant Affinity, jointly and severely misrepresented the status of the debt and legal proceeding as to the Plaintiff as to the date of the Sheriff's Sale and the amount sought in the foreclosure, judgment and writ of execution, to wit, and thus attempted

to collect a much higher amount of the debt that was not legally owed by the Plaintiff in violation of 73 Pa. C.S. §2270.4(b)(5)(ii) on a date which was illegal pursuant to the defective notices.

29. Defendants also violated the Pennsylvania Fair Credit Extension Uniformity Act ("**FCEUA**") by causing an artificially inflated amount of the debt that was to harass and coerce payment of a debt and/or chill third-party bidding at the Northampton County Sheriff's Sale that was scheduled for February 7th, 2020.

30. Both debt collectors and creditors are liable under the FCEUA per 73 Pa. C.S. §2270.4.

31. A creditor or debt collector's violation of FDCPA is a violation of the FCEUA per 73 Pa. C.S. §2270.4(a).

32. Defendant Affinity as creditor knew the notice of Sheriff's Sale was false and misleading but nonetheless instructed Defendant MGM to conduct the Sheriff's Sale on February 7, 2020 that resulted in Plaintiff losing the equity of his real property.

33. Plaintiff suffered an ascertainable loss by Defendant Affinity, including but not limited to,the loss of his equity in his former home.

34. Defendants violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. C.S. § 2270.1 *et seq.,* and accordingly, are subject to liability under the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law, to wit, 73 P. S. §201-9.2 allowing the award of $100.00 per violation or actual damages, whichever is greater, up to three times actual damages or treble damages, plus reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants Monastra Grater & Marberger, LLC and Affinity Federal Credit Union and that this Honorable Court:

a.   Award actual damages or $100.00 per violation as to be determined at trial;

b.   Award treble the actual damages which would be triple the amount of Plaintiff's equity plus any provable housing and moving expenses;

c.   Award Debtor reasonable attorney's fees and litigation expenses, plus costs of suit pursuant to 73 P. S. §201-9.2; and

d.   Grant such other or further relief as would be equitable and just.

Respectfully submitted

/s/ *Mark A. Cronin*
Mark A. Cronin, Esquire
26 S. Church Street
West Chester PA, 19382
(484) 266-0832
philalaw@aol.com
Attorney for Plaintiff Michael O'Dowd

**JURY DEMAND**

A trial by jury is hereby demanded on all counts in this Complaint.

 /s/ *Mark A. Cronin*
Mark A. Cronin